IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL D. CROOKS,**

    **Plaintiff,**

    v.

    Case No. 2:15-cv-2234
    Chief Judge Edmund A. Sargus, Jr.
    Magistrate Judge Elizabeth P. Deavers

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Michael D. Crooks, brought this action in state court against State Farm Mutual Automobile Insurance Company ("State Farm") and Allstate Property and Casualty Insurance Company ("Allstate"), asserting a number of state-law claims. Defendants removed the action to this Court on the basis of diversity jurisdiction. This matter is before the Undersigned for a Report and Recommendation on Plaintiff's Motion to Remand (ECF No. 24) and Defendants' Responses in Opposition (ECF Nos. 25 and 26). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion to Remand be **DENIED**.

**I.**

Plaintiff is a citizen of Ohio. Defendants State Farm and Allstate are both Illinois Corporations with their principal places of business in Illinois.

This action is related to another lawsuit that Plaintiff filed in the Monroe County, Ohio Court of Common Pleas, *Michael D. Crooks v. Darlene M. Palmer*, Monroe County Court of

Common Pleas, Case No. 09-cvc-200 (the "Injury Case"). The Injury Case arose out a 2007 motor vehicle accident involving Plaintiff and Darlene Palmer. Allstate was Palmer's liability insurer, and State Farm was Plaintiff's underinsured motorist carrier. In October 2011, the Injury Case went to trial on the issue of damages only because liability was uncontested. The Jury awarded Plaintiff $355,941.50. State Farm paid Plaintiff $76,029, and Allstate paid Plaintiff $320,000 as settlement for the remaining claims.

On April 15, 2015, Plaintiff brought the instant action against Allstate and State Farm in the Monroe County Court of Common Pleas. In his Complaint, Plaintiff alleges that he had injuries that lasted until at least May 2009 resulting from the 2007 accident, but that both Allstate and State Farm wrongfully determined his injuries abated after four months, thereby ceasing to continue to pay on his insurance claims. He asserts claims of tortious interference with contract against Allstate and breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, bad faith, and declaratory judgment against State Farm. Plaintiff alleges that he suffered a number of damages "[a]s a direct and proximate result" of Defendants' conduct, including the following:

- a. Sustained aggravation and inconvenience, emotional distress, anger, anguish, chagrin, depression, disappointment, embarrassment, fear, fright, grief, horror and/or humiliation;
- b. Sustained costs and expenses;
- c. Was forced to try his claim for damages which caused mental stress, inconvenience, anguish, embarrassment, grief, humiliation and anxiety;
- d. Was unable to receive the proper medical treatment because his medical payment coverage was wrongfully denied thus causing his injuries to worsen to the point of needing surgery; and
- e. Sustained costs for attorneys and net economic losses.

(Compl. ¶ 53(a)-(e), ECF No. 4.)  In terms of relief, Plaintiff seeks "compensatory, expectancy and consequential damages in an amount in excess of [the Monroe County Court's] minimum jurisdictional limits," as well as " punitive damages in an amount in excess of [the Monroe County Court's] jurisdictional limits." (*Id*.)

On May 27, 2015, Defendants removed this action on the basis of diversity jurisdiction. (Defs.' Notice of Removal, ECF No. 1.)

On August 11, 2015, Plaintiff filed the subject Motion for Remand, asserting that Defendants failed to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. (ECF No. 24.)  Plaintiff maintains that because Defendants "failed to provide any independent evidence of the amount in controversy" with the Notice of Removal, the Court "must rely on [his Complaint's] *ad damnum* clause to determine whether the amount in controversy exceeds the minimum jurisdictional amount . . . ." (*Id*. at 4.)  Plaintiff concludes remand is required because the total amount he seeks in his *ad damnum* clause fails to establish the requisite amount in controversy.  Plaintiff explains that he prayed for actual damages "in excess of the minimum jurisdictional limits of the Common Pleas Court of [Monroe] County, Ohio," and punitive damages in this same amount such that the "aggregate amount claimed . . . is for an amount in excess of Thirty Thousand Dollars ($30,000)" in light of the applicable $15,000 jurisdictional limits in Ohio county courts. (*Id*. at 4–5.)

Defendants counter that a fair reading of the Complaint and other evidence demonstrates that Plaintiff's alleged damages more likely than not exceed $75,000.  In support of their assertion, Defendants offer numerous cases in which plaintiffs recovered more than $75,000 on claims similar to those Plaintiff advances in the instant case.  In addition, Defendants point out that Plaintiff refuses to stipulate that the damages he seeks do not exceed $75,000.  Defendants

also offer evidence demonstrating that in the underlying injury action, Plaintiff recovered nearly $400,000.

Plaintiff did not file a Reply in support of his Motion to Remand.

## II.

Generally, a defendant may remove a civil case brought in a state court to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interests. 28 U.S.C. § 1332(a); *Rogers*, 239 F.3d at 871.

"To remove a case from state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014). When a plaintiff's complaint fails to contain a good-faith demand for monetary relief of a stated sum, the defendant's notice of removal may state the amount in controversy. *Id.* (citing 28 U.S.C. § 1446(c)(2)). The removing defendant's "short and plain" statement of the grounds for removal "need not contain evidentiary submissions." *Id.*

"The burden of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (citations omitted). When allegations of jurisdictional facts are challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S.Ct. at 554; *see also Hertz Corp*, 559 U.S. at 96–97 ("When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof"). "In gauging the amount in controversy, courts view the claims from the

vantage point of the time of removal." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

### III.

The Undersigned finds Defendants have satisfied their burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. As a threshold matter, Plaintiff's contention that remand is required because Defendants' Notice of Removal "failed to provide any independent evidence of the amount in controversy," (Pl.'s Mot. to Remand 4, ECF No. 24), is without merit. The United States Supreme Court has recently considered and rejected such an argument, holding instead that a notice of removal "need not contain evidentiary submissions" supporting the allegation that the amount in controversy is satisfied. *Dart Cherokee*, 135 S.Ct. at 551. Moreover, Plaintiff's request for amounts "in excess of [the state court's] minimum jurisdictional limits," (Compl. ¶ 53, ECF No. 4), does not constitute a good-faith demand for monetary relief of a stated sum that the Court can deem the amount in controversy. *See Davis v. Kindred Nursing Centers East, L.L.C.*, No. 2:05-cv-1128, 2006 WL 508802, at *2 (S.D. Ohio Mar. 2, 2006) ("The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." (citation omitted)). The Court must therefore consider the allegations and claims asserted in the Complaint together with the parties' evidentiary submissions. *Dart Cherokee*, 135 S.Ct. at 554 (holding that trial courts must consider parties' submissions of proof when the amount in controversy is challenged); *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 478 (6th Cir. 2014) ("A court must conduct a fair reading of the allegations in the complaint to determine the amount in controversy." (internal quotation marks and citation omitted)).

Here, a "fair reading" of the Complaint, together with Defendants' evidentiary submissions, persuades the Undersigned that it is more likely than not that the amount in controversy exceeds $75,000. As discussed above, in his Complaint, Plaintiff asserts bad faith, breach-of-contract, and tortious interference with contract claims, among others. Plaintiff seeks compensatory damages for emotional distress, costs and expenses he sustained, including damages for having to undergo surgery as a result of Defendants' alleged conduct. He also seeks punitive damages, which this Court must also consider in assessing the amount in controversy. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered." (internal quotation marks and citation omitted)). As Defendants point out, there are numerous cases in which plaintiffs asserting claims and seeking damages similar to those asserted and sought in this instant action have obtained damages exceeding $75,000. (*See* Allstate's Mem. in Opp. 8, ECF No. 25 (citing West's Jury Verdicts, ECF No. 25-1 (identifying three Ohio cases in which the compensatory and punitive damages awarded exceeded $75,000 where the plaintiff asserted tortious interference claims); *Id*. at 8–9 (identifying five Ohio cases in which the compensatory and punitive damages awarded exceeded $75,000 where the plaintiff asserted insurance bad faith claims)). The amount recovered in the underlying Injury Case—more than $355,000 (*See* State-Court Judgment Entry, ECF No. 26-2)—also persuades the Undersigned that the compensatory damages could be significantly higher than the jurisdictional amount, especially when combined with the punitive damages Plaintiff seeks. *See Hahn v. Auto–Owners Ins. Group*, No. 3:04–cv–380, 2006 WL 2796479, at *2 (E.D. Tenn. Sept. 27, 2006) (instructing that in assessing the amount in controversy, in addition to looking at awards in similar lawsuits, a trial court "should

6

look at prior lawsuits between the parties" and "should exercise its common sense" (internal quotation marks and citations omitted)).

The sole case upon which Plaintiff relies, *Bower v. American Casualty Company*, No. 99-4102, 2001 U.S. App. LEXIS 18053 (6th Cir. Aug. 6, 2001), does not persuade the Undersigned to reach a different conclusion for several reasons.  First, in *Bowers*, the defendant failed to allege in its notice of removal that the jurisdictional amount was satisfied, instead asserting a "conclusory 'belief' that the amount of damages sought exceeds $75,000."  2001 U.S. App. LEXIS 18053, at *10.  Here, in contrast, Defendants explicitly allege in their Notice of Removal that "the amount in controversy exceeds $75,000, exclusive of interest and costs."  (Defs.' Notice of Removal ¶ 6, ECF No. 1.)  Second, in *Bowers*, the removing defendant offered no evidence in support of its unsubstantiated "belief" that the amount in controversy exceeded $75,000.  Here, in contrast, Defendants have supported their allegations concerning the amount in controversy with verdicts from other Ohio cases involving similar claims and also with submissions from the underlying Injury Case reflecting that Plaintiff obtained an award against Defendants for more than $355,000 arising from events related to the instant action.  Finally, the *Bowers* Court did not have the benefit of the Supreme Court's recent decision in *Dart Cherokee* in which the Court made clear that a "short and plain" statement in a notice of removal is sufficient and need not be accompanied by evidentiary submissions or more detailed allegations.  *Compare Dart Cherokee*, 135 S.Ct. at 551 ("To assert the amount in controversy adequately in the removal notice, does it suffice to allege the requisite amount plausibly, or must the defendant incorporate into the notice of removal evidence supporting the allegation?  That is the single question argued here and below by the parties and the issue on which we granted review.  The answer, we hold, is supplied by the removal statute itself.  A statement 'short and plain' need not contain evidentiary

submissions.") *with Bowers*, 2001 U.S. App. LEXIS 18053, at *9 ("If the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.").

In sum, although Plaintiff's Complaint does not set forth with specificity the amount of monetary damages he seeks, a "fair reading" of the Complaint, together with Defendants' evidentiary submissions, persuades the Undersigned to conclude that Defendants have satisfied their burden of establishing that it is more likely than not that the amount in controversy exceeds $75,000.  It is therefore **RECOMMENDED** that Plaintiff's Motion to Remand be **DENIED**.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Motion to Remand be **DENIED**.  (ECF No. 24.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report an recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waiver.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: December 14, 2015                          /s/ *Elizabeth A. Preston Deavers*
                                                  ELIZABETH A. PRESTON DEAVERS
                                                  UNITED STATES MAGISTRATE JUDGE